IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Chapter 11 |
| GOODRICH PETROLEUM CORPORATE, ET. AL., | § § § § | Case No. 16-61975 |
| DEBTORS | § § § | (Jointly Administered) |
| CAROLYN JULIA CLARK, MICHELE CLARK CADWALLADER, TRUSTEE OF THE CAROLYN JULIA CLARK FAMILY 2011 TRUST; CHRISTOPHER STUART CLARK, SUCCESSOR OF THE CHRISTOPHER STUART CLARK MANAGEMENT TRUST; CHRISTOPHER STUART CLARK, TRUSTEE OF THE CHRISTOPHER STUART CLARK FAMILY 2011 TRUST; MICHELE CLARK CADWALLADER, INDIVIDUALLY AND AS TRUSTEE OF THE MICHELE CLARK CADWALLADER FAMILY 2011 TRUST; ALOES HARRAND CADWALLADER V; WALTER CLARK CADWALLADER; 4819, LTD; KATHERINE BURNS TERRY HORLEN, TRUSTEE OF THE JOHN DAVID TERRY, III 1994 TRUST; KATHERINE BURNS TERRY HORLEN, TRUSTEE OF THE LISA CHRISTINE THE LISA CHRISTINE TERRY 1994 TRUST; AND BURNS RANCH ENTERPRISES, LLC | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | ADVERSARY PROCEEDING No. 16-3149 |
| Plaintiffs, vs. | § § § | |
| GOODRICH PETROLEUM COMPANY, LLC *et al.*, | § § § § | |
| Defendants. | § | |

JAMESTOWN RESOURCES, L.L.C.'s ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT Page - 1
522221 000604 19402245.1

### DEFENDANT JAMESTOWN RESOURCES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, Jamestown Resources, L.L.C. ("Jamestown" or "Defendant") and files this answer and Affirmative Defenses to Plaintiffs' First Amended Complaint and respectfully shows:

### ADMISSIONS AND DENIALS

1.  As to the allegations in paragraph 1, Jamestown lacks sufficient information or knowledge to admit[1] the allegations and reserves all rights to dispute who are proper party plaintiffs.

2.  As to the allegations in paragraph 2, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

3.  As to the allegations in paragraph 3, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

4.  As to the allegations in paragraph 4, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

5.  As to the allegations in paragraph 5, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

---

[1] To the extent, Jamestown lacks sufficient information to admit any allegation herein, such allegation should be deemed denied.

6. As to the allegations in paragraph 6 Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

7. As to the allegations in paragraph 7, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

8. As to the allegations in paragraph 8, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

9. As to the allegations in paragraph 9, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

10. As to the allegations in paragraph 10, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

11. As to the allegations in paragraph 11, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

12. As to the allegations in paragraph 12, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

13. As to the first sentence in paragraph 13, Jamestown lacks sufficient information or knowledge to admit the allegations and reserves all rights to dispute who are proper party plaintiffs.

14. As to the allegations in paragraph 14, Jamestown lacks sufficient information or knowledge to admit the allegations.

15. As to the allegations in paragraph 15, Jamestown lacks sufficient information or knowledge to admit the allegations.

16. As to the allegations in paragraph 16, Jamestown lacks sufficient information or knowledge to admit the allegations.

17. As to the allegations in paragraph 17, Jamestown lacks sufficient information or knowledge to admit the allegations.

18. As to the allegation in paragraph 18, Jamestown is an Oklahoma limited liability company which has waived service in this action.

19. As to the allegation in paragraph 19, Jamestown lacks sufficient information or knowledge to admit the allegations.

20. As to the allegation in paragraph 20, Jamestown lacks sufficient information or knowledge to admit the allegations.

21. As to the allegations in paragraphs 21 and 22, to the extent that the Plaintiffs have filed proof of claims against the Debtors and the Debtors have a contract with the Plaintiffs, the Bankruptcy Court arguably has jurisdiction and authority to enter final orders on the issues between them. However, Jamestown is a separate party and the Bankruptcy Court has at most related to jurisdiction as to claims involving Jamestown, which may not apply in this proceeding.

Jamestown does not consent to final orders of the Bankruptcy Court at this time. Furthermore, the Plaintiffs have asserted a jury demand and Jamestown does not consent to a jury trial in Bankruptcy Court on issues related to non-debtor property rights at this time.

22. As to paragraph 23, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23.

23. As to paragraph 24, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24.

24. As to paragraph 25, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25.

25. As to paragraph 26, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26.

26. Paragraph 27 is a statement about collectively referring to various leases and, as such, it does not require a response.

27. As to paragraph 28, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 28.

28. As to paragraph 29, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29.

29. As to paragraph 30, Jamestown admits that the real property records referenced in the Complaint speak for themselves. Jamestown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30.

30. As to the allegations of paragraph 31, Jamestown lacks sufficient information or knowledge to admit the allegations.

31. As to the allegations in paragraph 32, Jamestown lacks sufficient information or knowledge to admit the allegations except to admit that Jamestown has a record leasehold interest in the leases.

32. As to the allegations in paragraph 33, Jamestown lacks sufficient information or knowledge to admit the allegations except to admit that royalties are paid under the leases and further asserts that the documents are the best evidence of their content.

33. As to the allegations of paragraph 34 and 35, the Jamestown asserts that the documents are the best evidence of their contents and denies the allegations as written.

34. As to the allegations in paragraph 36, Jamestown lacks sufficient information or knowledge to admit the allegations.

35. As to the allegations in paragraph 37, Jamestown lacks sufficient information or knowledge to admit the allegations.

36. As to the allegations in paragraph 38, Jamestown lacks sufficient information or knowledge to admit the allegations.

37. As to the allegations in paragraph 39, Jamestown lacks sufficient information or knowledge to admit the allegations.

38. As to the allegations in paragraph 40, Jamestown lacks sufficient information or knowledge to admit the allegations.

39. As to the allegations in paragraph 41, Jamestown lacks sufficient information or knowledge to admit the allegations.

40. As to the allegations in paragraph 42, Jamestown lacks sufficient information or knowledge to admit the allegations.

41. As to the allegations in paragraph 43, Jamestown lacks sufficient information or knowledge to admit the allegations.

42. As to the allegations in paragraph 44, Jamestown lacks sufficient information or knowledge to admit the allegations.

43. As to the allegations in paragraph 45, Jamestown lacks sufficient information or knowledge to admit the allegations.

44. As to the allegations of paragraph 46, Jamestown lacks sufficient information or knowledge to admit the allegations.

45. As to the allegations in paragraph 47, Jamestown lacks sufficient information or knowledge to admit the allegations.

46. As to the allegations in paragraph 48, Jamestown lacks sufficient information or knowledge to admit the allegations.

47. As to the allegations in paragraph 49, Jamestown lacks sufficient information or knowledge to admit the allegations.

48. As to the allegations in paragraph 50, Jamestown lacks sufficient information or knowledge to admit the allegations.

49. As to the allegations in paragraph 51, Jamestown lacks sufficient information or knowledge to admit the allegations.

50. As to the allegations in paragraph 52, Jamestown lacks sufficient information or knowledge to admit the allegations.

51. As to the allegations in paragraph 53, Jamestown lacks sufficient information or knowledge to admit the allegations.

52. As to the allegations in paragraph 54, Jamestown lacks sufficient information or knowledge to admit the allegations.

53. As to the allegations in paragraph 55, Jamestown lacks sufficient information or knowledge to admit the allegations.

54. As to the allegations in paragraph 56, Jamestown lacks sufficient information or knowledge to admit the allegations.

55. As to the allegations in paragraph 57, Jamestown lacks sufficient information or knowledge to admit the allegations.

56. As to the allegations in paragraph 58 are legal argument and require no response but to the extent a response is deemed necessary, the allegations are denied.

57. As to the allegations in paragraph 59, Jamestown lacks sufficient information or knowledge to admit the allegations.

58. The allegations in paragraphs 60 – 67 assert requests for relief and/or legal argument and require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

59. The allegations in paragraphs 68 – 72 assert requests for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

60. As to the allegations in paragraph 73 – 75 assert requests for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

61. Jamestown denies the allegations in paragraph 76.

62. As to the allegations in paragraph 77, Jamestown admits that the identified law firm filed the Amended Complaint but denies all other allegations.

63. As to the allegations in paragraph 78, Jamestown lacks sufficient information or knowledge to admit the allegations, but denies that Jamestown has any responsibility or liability for non-payments.

64. As to the allegations in paragraph 79, Jamestown lacks sufficient information or knowledge to admit the allegations.

65. As to the allegations in paragraph 80, Jamestown lacks sufficient information or knowledge to admit the allegations.

66. As to the allegations in paragraph 81, Jamestown lacks sufficient information or knowledge to admit the allegations.

67. The allegations in the first sentence of paragraph 82 assert and request for relief and/or legal conclusions which require no legal response, but to the extent a response is deemed necessary, Jamestown denies the allegations.

68. The allegations in paragraph 83 assert a request for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

69. The allegations in paragraph 84 assert a request for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

70. The allegations in paragraph 85 assert a request for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

71. The allegations in paragraph 86 - 87 assert requests for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

72. As to the allegations in paragraph 88, Jamestown lacks sufficient information or knowledge to admit the allegations, but denies that Jamestown has any responsibility or liability for non-payments.

73. The allegations in paragraphs 89 – 91, 82 (should be 92) and 83 (should be 93) asserts requests for relief and/or legal conclusions which require no response, but to the extent a response is deemed necessary Jamestown denies the allegations.

## AFFIRMATIVE DEFENSES

74. Plaintiffs failed to state a claim upon which relief can be granted against Jamestown.

75. Plaintiffs' claims are barred, in whole or in part, or limited by the Plan; the Orders of the Court in the bankruptcy case No. 16-31974; judicial, equitable and/or collateral estoppel; release; res judicata and discharge to the extent any claims asserted are claims that are actually claims against the Debtors which have been discharged pursuant to the Plan. Jamestown further objects to each and every one of the proofs of claims filed by any one of the Plaintiffs in the bankruptcy case and incorporates herein by reference any and all objections to such claims filed by any party thereto.

76. Plaintiffs' claims are barred by the doctrine of laches, estoppel, waiver, ratification, revivor, novation, accord and satisfaction and the applicable statute of limitations.

77. Plaintiffs failed to mitigate damages or act reasonably to mitigate damages.

78. Plaintiffs are not entitled to legal fees.

79. Plaintiffs' claims are barred, in whole or in part, by the failure of a condition or conditions precedent in the Leases; or alternatively, by the express language of the Leases. Plaintiffs' claims are barred by the express terms of the contracts.

80. Plaintiffs' claims are barred by the doctrine of payment, offset, credit, and/or recoupment.

81. Plaintiffs' claims are barred in whole or part by adverse possession.

82. Plaintiffs' claims for attorneys' fees, expenses, interest, and costs are barred or limited by the applicable statutes and case law, including the language of Chapter 38 of the

Texas Civil Practice & Remedies Code, which does not permit recovery of attorneys' fees against a limited liability company, such as Jamestown.

83. Plaintiffs' claims fail in whole or part to the extent Jamestown is not the holder of interests in the Leases. If Jamestown is found liable to Plaintiffs under one or more of the Plaintiffs' claims, Jamestown reserves all rights to seek contribution from any present or future parties to this lawsuit, as well as from parties designated as responsible third parties. The jury should be required to apportion percentages of responsibility for each claimant, each defendant, each settling person, and each responsible third party in accordance with Texas Civil Practice and Remedies Code Chapter 33 and other applicable law.

84. Plaintiffs' claims are barred in whole or part by the defense of actual, apparent and/or implied consent.

85. Jamestown reserves all affirmative defenses and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## RESERVATION OF RIGHTS

86. Jamestown reserves all rights to amend or further supplement this Answer.

87. Jamestown further reserves all rights to join third parties and/or assert cross-claims or counter-claims after there has been discovery in this matter.

## PRAYER

Defendant Jamestown Resources, L.L.C. prays that this Court enter a Judgment denying all relief requested by Plaintiffs; awarding Jamestown its legal fees and costs under the

applicable Federal and/or State law; and, further requests any other relief the Court deems fair and equitable.

Respectfully submitted,

/s/ Craig A. Haynes
Craig A. Haynes
State Bar No. 09284020
craig.haynes@tklaw.com

Greg W. Curry
State Bar No. 05270300
greg.curry@tklaw.com

Rachelle H. Glazer
State Bar No. 097859000
rachelle.glazer@tklaw.com

**THOMPSON & KNIGHT, LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:   214-969-1700
Facsimile:   214-969-1751

Jennifer P. Henry
State Bar No. 15859500
jennifer.henry@tklaw.com

**THOMPSON & KNIGHT, LLP**
801 Cherry Street, Unit #1, Suite 1600
Fort Worth, Texas 76102
Telephone:   817-347-1733
Facsimile:   214-999-1616

Robert L. Paddock
State Bar No. 24002723
robert.paddock@tklaw.com

**THOMPSON & KNIGHT, LLP**
333 Clay Street, Suite 3300
Houston, Texas 77002
Telephone: 713-951-5878
Facsimile: 713-654-1871

**ATTORNEYS FOR JAMESTOWN RESOURCES, L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the 8th day of May, 2017 through the CM/ECF system.

/s/ Rachelle H. Glazer
Rachelle H. Glazer