UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOODRICH PETROLEUM CORPORATION, ET AL., | § § § | CASE NO. 16-31975 |
| | § | CHAPTER 11 |
| *Debtors,* | § § | Jointly Administered |
| _____ | § § | _____ |
| CAROLYN JULIA CLARK, ET AL., | § § § | |
| *Plaintiffs,* | § § | ADVERSARY PROCEEDING |
| v. | § § | No. 16-3149 |
| GOODRICH PETROLEUM COMPANY, LLC, ET AL. | § § § | |
| *Defendants*. | § § | |

**COMPLAINT IN INTERVENTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME CAYCE W. MOORE, JR., Trustee of the Estate of Laura Burns Moore Exemption Trust; CAYCE WELLBORN MOORE, III, Individually and as Trustee of the Cayce Wellborn Moore, III 2010 Irrevocable Trust; JENNIFER LEIGH MOORE MANSKER, Individually and as Trustee of the Jennifer Leigh Moore Mansker 2010 Irrevocable Trust; PRESTON BURNS MOORE, Individually and as Trustee of the Preston Burns Moore 2010 Irrevocable Trust; and TIERRA SECA RANCH, L.L.C., Intervenor Plaintiffs, complaining of EP Energy E&P Company, LP; USG Properties Eagle IV, LLC; Blackbrush Oil & Gas, L.P.; Chesapeake Exploration, LLC; OOGC America, LLC; Jamestown Resources, L.L.C.; Eagleford Gas 5, LLC;

and Carrizo Eagle Ford, LLC, and for cause of action would respectfully show the following:

## Parties

1.      Intervenor Plaintiff, CAYCE W. MOORE, JR., Trustee of the Estate of Laura Burns Moore Exemption Trust, is a resident of Harris County, Texas

2.      Intervenor Plaintiff, CAYCE WELLBORN MOORE, III, Individually and as Trustee of the Cayce Wellborn Moore, III 2010 Irrevocable Trust, is a resident of Harris County, Texas.

3.      Intervenor Plaintiff, JENNIFER LEIGH MOORE MANSKER, Individually and as Trustee of the Jennifer Leigh Moore Mansker 2010 Irrevocable Trust, is a resident of Comal County, Texas.

4.      Intervenor Plaintiff, PRESTON BURNS MOORE, Individually and as Trustee of the Preston Burns Moore 2010 Irrevocable Trust, is a resident of Harris County, Texas.

5.      Intervenor Plaintiff, TIERRA SECA RANCH, L.L.C., maintains 24 Bash Place, Houston, Harris County, Texas 77027, as its principal place of business.

6.      Defendants, EP Energy E&P Company, LP; USG Properties Eagle IV, LLC; Blackbrush Oil & Gas, L.P.; Chesapeake Exploration, LLC; OOGC America, LLC; Jamestown Resources, L.L.C.; Eagleford Gas 5, LLC; and Carrizo Eagle Ford, LLC, have all appeared and answered herein.

2

## Jurisdiction and Venue

7.     This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1334. This is a core proceeding.

8.     Venue is proper in this Court under 28 U.S.C. § 1409(a).

## Factual Allegations

9.     Intervenor Plaintiffs ("Moore Plaintiffs") are the owners of undivided mineral and royalty interests in 29,297.65 acres of land in La Salle and Frio Counties, Texas, being all of the same land referred to in Plaintiffs' Second Amended Complaint herein as the "Burns Ranch", save and except 639.36 acres, sometimes referred to as "Tract Two" of the Burns Ranch, hereinafter referred to as ("Intervenors' lands").

10.     On or about March 16, 2010, 5048, Ltd., a Texas limited partnership, executed an Oil and Gas Lease of that date, as Lessor, to Chesapeake Exploration, LLC, recorded in Book 501, page 438, of the Deed Records of La Salle County, Texas, covering and including the Intervenors' lands.

11.     Moore Plaintiffs are successors to the interest of 5048, Ltd., as Lessors, under said Lease (the "5048, Ltd. Lease").

12.     Under and by virtue of a certain Cross-Assignment of Oil, Gas and Mineral Leases dated May 18, 2010, BB-II Operating, LP, Goodrich Petroleum Company, LLC and Chesapeake Exploration, LLC, Defendants BB-II Operating, LP and Goodrich Petroleum Company, LLC, acquired leasehold interests under the

5048, Ltd. Lease, and by subsequent assignments, the remaining Defendants, EP Energy E&P Company, LP; USG Properties Eagle IV, LLC; Blackbrush Oil & Gas, L.P.; OOGC America, LLC; Jamestown Resources, L.L.C.; Eagleford Gas 5, LLC; and Carrizo Eagle Ford, LLC likewise succeeded to leasehold interests under the 5048, Ltd. Lease, such that all Defendants herein became bound to and obligated to perform the obligations of the Lessee under the 5048, Ltd. Lease.

13.     Defendants have breached the Lease by failing to pay, or underpaying, royalties due on production of oil and gas from the 5048, Ltd. Lease, including, without limitation, by basing royalties on prices or values lower than required under the Lease; by wrongfully deducting costs and expenses, directly or indirectly, from Moore Plaintiffs' royalties in violation of the Lease; by failing to pay, or underpaying, royalties on fuel gas produced from the Lease; by failure to pay royalties on flared gas, as required by the Lease; and by failing to pay royalties on all volumes of oil and gas produced from the Lease.

## Count I: Breach of Contract

14.     As hereinabove alleged, Defendants have breached their obligation to pay royalties due to Moore Plaintiffs according to the terms of the 5048, Ltd. Lease. Moore Plaintiffs have suffered economic damages as the result of Defendants' breaches of contract, for which Moore Plaintiffs now sue.

### Count II: Statutory Claim

15.     As hereinabove alleged, Defendants have failed to pay, or underpaid, royalties due to Moore Plaintiffs under and pursuant to the terms of the 5048, Ltd. Lease.

16.     Pursuant to Chapter 91 of the Texas Natural Resources Code, Moore Plaintiffs seek recovery of damages in the amount of all royalties due to them which Defendants have not paid, together with interest and attorney's fees.

### Interest

17.     Pursuant to the 5048, Ltd. Lease, Moore Plaintiffs are entitled to recover from Defendants interest on all royalties not timely paid at the rate of ten percent (10%) per annum or at the highest rate allowed by law, for which interest Moore Plaintiffs now sue.

### Attorney's Fees

18.     It has been necessary for Moore Plaintiffs to engage the undersigned firm of attorneys to prepare and prosecute this action, and Moore Plaintiffs are entitled to recover their reasonable attorney's fees herein, pursuant to the 5048, Ltd. Lease, Chapter 91 of the Texas Natural Resources Code, and § 38.001 *et seq*. of the Texas Civil Practice and Remedies Code.

### Jury Demand

19.     Moore Plaintiffs request trial by jury.

WHEREFORE, PREMISES CONSIDERED, Moore Plaintiffs, CAYCE W. MOORE, JR., Trustee of the Estate of Laura Burns Moore Exemption Trust; CAYCE WELLBORN MOORE, III, Individually and as Trustee of the Cayce Wellborn Moore, III 2010 Irrevocable Trust; JENNIFER LEIGH MOORE MANSKER, Individually and as Trustee of the Jennifer Leigh Moore Mansker 2010 Irrevocable Trust; PRESTON BURNS MOORE, Individually and as Trustee of the Preston Burns Moore 2010 Irrevocable Trust; and TIERRA SECA RANCH, L.L.C., pray for judgment:

    (1)    for actual damages resulting from underpayment or non-payment of royalties;

    (2)    for reasonable attorney's fees;

    (3)    for costs of court, and

    (4)    for such interest, before and after judgment, as may be allowed by law.

Moore Plaintiffs pray for general relief.

Respectfully submitted,

DROUGHT, DROUGHT & BOBBITT, L.L.P.
112 East Pecan Street, Suite 2900
San Antonio, Texas 78205
(210) 225-4031 Telephone
(210) 222-0586 Facsimile


By:        /s/ James L. Drought
        James L. Drought
        State Bar No. 06135000
        Calhoun Bobbitt
        State Bar No. 02530700
        *Attorneys for Intervenor Plaintiffs*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 28, 2017, a true and correct copy of this document was served through the Court's CM/ECF system on all counsel of record.


*/s/ James L. Drought*
James L. Drought